IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CORY T. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV221 |
| | ) | |
| V. | ) | |
| | ) | |
| THE COUNTY OF DOUGLAS, is to be sued in Official Capacity, PAUL LATSCHER, O.P.D. Officer, is to sued Individually and in he Official Capacity, JERRY SWANSON, O.P.D. Officer, is to be sued Individually and in his Official Capacity, THE CITY OF OMAHA, a Municipality, is to be sued in its Official Capacity, and DONALD KLEINE, Douglas County District Attorney, is to be sued Individually and in his Official Capacity, | ) ) ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) | |

This matter is before the court on initial review of Plaintiff's Complaint. (Filing No. 1.) For the reasons that follow, the court finds Plaintiff's pleadings do not state any claims on which relief may be granted. However, the court will allow Plaintiff to file an amended complaint.

**I. SUMMARY OF COMPLAINT**

Plaintiff's Complaint sets forth multiple causes of action, including (1) conspiracy; (2) violation of civil rights; (3) negligent supervision; (4) aiding and abetting; (5) intentional infliction of emotional distress; and (6) negligent hiring. (Filing No. 1.) Defendant's Complaint names Douglas County, Nebraska, the City of Omaha, the Douglas County District Attorney, and several Omaha police officers as

defendants. The employee defendants are sued in their official and individual capacities. Plaintiff seeks monetary relief.

Plaintiff alleges that Defendants Latscher and Swanson, who are Omaha police officers, pulled him over while he was driving a white Cadillac DeVille without probable cause. Latscher and Swanson subsequently reported that Plaintiff shot them during the traffic stop. Plaintiff claims that Latscher and Swanson "submitted fraudulent police reports in a conspiracy to cover up an accidental shooting of one police officer by another police officer." (Filing No. 1 at CM/ECF p. 7.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v.*

2

*Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III.  DISCUSSION

**1.   Claims Relating to Criminal Conviction**

Plaintiff alleges, in part, that Defendants conspired against him to ensure he was convicted of a crime. Specifically, Plaintiff claims that Latscher and Swanson "submitted fraudulent police reports in a conspiracy to cover up an accidental shooting of one police officer by another police officer." (Filing No. 1 at CM/ECF p. 7.) Because this claim relates entirely to the validity of Plaintiff's conviction, it cannot be brought in a civil rights case.

In *Heck v. Humphrey*, the Supreme Court held a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Although *Heck*, on its face, addresses only actions brought under § 1983, courts have expanded the contours of *Heck* to reach 42 U.S.C. § 1985 and other civil rights statutes. *See*, *e.g.*, *Poston v. Shappert*, 222 Fed. Appx. 301 (4th Cir. 2007); *Cook v. City of Philadelphia*, 179 Fed. Appx. 855, 859 (3d Cir. 2006); *Browdy v. Karpe*, 131 Fed. Appx. 751, 753 (2d Cir. 2005); *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1097 n. 4 (9th Cir. 2004); *Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003).

Here, the facts demonstrate that the *Heck* bar is properly invoked. Plaintiff maintains that Defendants tampered with evidence, altered investigative reports,

fabricated evidence, and committed other acts of misconduct in connection with his criminal case. (Filing No. 1 at CM/ECF p. 15.) The court cannot find in Plaintiff's favor based on such arguments without calling into question the legitimacy of his criminal conviction. *Heck* makes clear that Plaintiff may not use a civil rights action to cast doubt on the legality of his conviction or confinement. *Heck*, 512 U.S. at 486-87. Rather, he must first find a favorable outcome in a habeas corpus or other similar proceeding. For these reasons, the court will dismiss Plaintiff's conviction-related claims without prejudice to reassertion in a habeas corpus or other similar proceeding.

### 2. The City of Omaha, Douglas County, and Official Capacity Claims

Liberally construed, Plaintiff also suggests that Douglas County and the City of Omaha do not properly train or supervise police officers and that there is an "on-going pattern of corruption within the Omaha Police Department." (Filing No. 1 at CM/ECF p. 7.) These allegations fail to state cognizable claims against Douglas County or the City of Omaha, because, as municipalities, Douglas County and the City of Omaha can only be liable under § 1983 if a municipal policy or custom caused his injury. *See Monell v. New York Department of Social Services*, 436 U.S. 658, 694 (1978). Plaintiff's assertion that there is a pattern of corruption and misconduct within the Omaha Police Department is far too conclusory to allege a municipal policy or custom creating liability under § 1983.

Likewise, Plaintiff has failed to sufficiently allege official capacity claims against the employee defendants. A claim against an individual in his official capacity is, in reality, a claim against the entity that employs the official, in this case, Douglas County and the City of Omaha. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992). Plaintiff has failed to plausibly suggest that an official Douglas County or City policy or custom caused a violation of his constitutional rights.

### 3. Claims against Donald Kleine

Plaintiff has not indicated how Defendant Donald Kleine was personally involved in the events described in his Complaint. A complaint that fails to allege that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. See *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed a pro se complaint where the complaint did not allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)). Therefore, Plaintiff has failed to state a claim against Kleine.

Out of an abundance of caution, the court will provide Plaintiff with an opportunity to file an amended complaint that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

IT IS ORDERED:

1. Plaintiff shall file an amended complaint by October 12, 2016, that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: October 12, 2016: check for amended complaint.

DATED this 12th day of September, 2016.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge