IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CORY T. ALLEN,<br><br>          Plaintiff,<br><br>vs.<br><br>THE COUNTY OF DOUGLAS, et al.,<br><br>          Defendants. | **8:16CV221**<br><br>**MEMORANDUM AND ORDER** |

      Plaintiff filed his Complaint on May 19, 2016. (Filing No. 1.) He was given leave to proceed in forma pauperis. (Filing No. 6.) On September 12, 2016, the court ordered Plaintiff to file an amended complaint because his Complaint failed to state a claim upon which relief may be granted. (Filing No. 11.) Specifically, the court found some of Plaintiff's ("conviction-related") claims barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). (Filing No. 11 at CM/ECF pp. 3-4.) On November 10, 2016, Plaintiff filed an Amended Complaint. (Filing No. 14.) Now, the court conducts review of Plaintiff's Amended Complaint.

      In his Amended Complaint, Plaintiff stresses that his claims are not barred by *Heck*, because he is not challenging the validity of his conviction or sentence. (*See id*. at CM/ECF pp. 9, 11, 17, 18, 21.) Plaintiff alleges that, instead, his argument is that his sentence was based upon inaccurate information in violation of his constitutional right to due process. (*Id*.) As the court understands it, the "accurate information" is that Officer Swanson accidentally shot Officer Latscher and Defendants conspired to ensure that Plaintiff was convicted of the shooting. (*Id*. at CM/ECF pp. 4-7.)[1]

---

[1] Plaintiff was convicted of two counts of attempted second degree murder, two counts of use of a deadly weapon to commit a felony, and one count of possession of a deadly weapon by a felon. Nebraska Department of Correction Services Inmate Locator (Corey T. Allen, DCS ID # 70055); *Stutzka v. McCarville,*

The court finds, as it did in its order dated September 12, 2016, that it cannot find in Plaintiff's favor based on such an argument without calling into question the legitimacy of his criminal convictions. In fact, Plaintiff admits that the "conspiracy" "designed to cover-up police corruption [ ] led to a shooting, trial, and conviction; an injury to Plaintiff through the deprivation of a <u>Constitutionally fair trial</u>." (*Id*. at CM/ECF p. 7.) (emphasis in original) *Heck* makes clear that Plaintiff may not use a civil rights action to cast doubt on the legality of his conviction or confinement. *Heck*, 512 U.S. at 486-87.

IT IS THEREFORE ORDERED that:

1. Plaintiff's conviction-related claims against Defendants are dismissed without prejudice to reassertion in a habeas corpus or other similar proceeding.

2. Because Plaintiff made no additional allegations in his Amended Complaint, all other claims against Defendants are dismissed for the reasons set forth in this court's order dated September 12, 2016.

3. A separate Judgment will be entered in accordance with this Memorandum and Order.

Dated this 2nd day of February, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).